James Phillip **ERICKSON**, d/b/a Wit's
End, Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 8003.

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 17, 1963.

Westmoreland, Hall & Pentecost, Atlanta, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., for defendant.

MORGAN, District Judge.

On November 4, 1963, the defendant in the above-styled case filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, contending that there is no issue of any material fact existing in the case, and that it is entitled to judgment as a matter of law.

This suit is brought for the recovery of $2,417.10 in cabaret taxes for the period April, 1960, through December, 1961, and the Government has counterclaimed for the outstanding balance of cabaret taxes, penalties, and interest assessed for the period January 1, 1957, through June 30, 1960, in the amount of $16,084.71.

The question to be determined by the Court is whether the pantomime performance presented at the taxpayer's place of business constituted taxable entertainment within the meaning of Section 4231(6) of the Internal Revenue Code of 1954.

The plaintiff in this case operated an establishment known as the Wit's End, a public beer tavern, where short orders and beer were served throughout the periods in issue. The Internal Revenue Service determined that the Wit's End during weekends, when pantomimes were performed, provided taxable entertainment and was liable for cabaret taxes under Sections 4231(6) and 4232(b) of the Internal Revenue Code of 1954. These pantomime acts were performed on Thursdays, Fridays, and Saturdays, generally at 10:00 P.M. and again at 11:30 P.M. They were done regularly when both of the owners were present and were performed because the owners, as they testified by deposition, felt that they were an asset to their business; that they pleased and satisfied their customers; and that they produced good will. There were even requests for the performance of these pantomime shows indicating that the patrons anticipated and expected this type of entertainment when they came to the Wit's End.

Section 4231(6) of the Internal Revenue Code of 1954 provides as follows:

"§ *4231.* IMPOSITION OF TAX

\* \* \* \* \*

"(6) *Cabarets.*—A tax equivalent to 20 percent of all amounts paid for admission, refreshment, service, or merchandise, at any roof garden, cabaret, or other similar place furnishing a public performance for profit, by or for any patron or guest who is entitled to be present during any portion of such performance. The tax imposed under this paragraph shall be returned and paid by the person receiving such payments. No tax shall be applicable under paragraph (1) or (2) on account of an amount paid with respect to which tax is imposed under this paragraph. Aug. 16, 1954, 9:45 a. m., E.D.T., c. 736, 68A Stat. 497."

Section 4232 of the Internal Revenue Code of 1954 provides as follows:

"§ *4232.* DEFINITIONS

\* \* \* \* \* \*

"(b) *Roof garden, cabaret or other similar place.*—The term 'roof garden, cabaret, or other similar place,' as used in this chapter, shall include any room in any hotel, restaurant, hall, or other public place where music and dancing privileges or any other entertainment, except instrumental or mechanical music alone, are afforded the patrons in connection with the serving or selling of food, refreshment, or merchandise. In no case shall such term include any ballroom, dance hall, or other similar place where the serving or selling of food, refreshment, or merchandise is merely incidental, unless such place would be considered, without the application of the preceding sentence, as a 'roof garden, cabaret, or other similar place.'

"(c) *Performance for profit.*—A performance shall be regarded as being furnished for profit for purposes of section 4231(6) even though the charge made for admission, refreshment, service, or merchandise is not increased by reason of the furnishing of such performance. Aug. 16, 1954, 9:45 a. m., E.D.T., c. 736, 68A Stat. 498."

Section 4232(b) defines any room in any hotel, restaurant, or other public place where any other entertainment except instrumental or mechanical music alone is presented as a roof garden, cabaret, or other similar place. The Court agrees with the Government that, in order for the Wit's End to be considered a cabaret within the meaning of the statute, it is only necessary to show entertainment other than instrumental or mechanical music. The Ericksons' pantomime act obviously falls within the meaning of any other entertainment.

The Fifth Circuit Court of Appeals has given a definition of "cabaret" in the case of Stevens v. United States, 302 F. 2d 158. The Court said as follows:

"The distinguishing feature of the cabaret is its use of the dance music or other entertainment to provide an appealing atmosphere in which the customers may sit, eat or drink, and 'watch the show.'"

The question that this entertainment falls within the definition of the word "cabaret" brings up the further point of just what receipts are subject to the cabaret tax. In the opinion of this Court and in line with previous decisions on this same point, refreshments that were served the customers from the time of entry into the establishment up to and including whatever entertainment was performed—in this case, pantomime acts—were subject to cabaret tax. However, refreshments served between the time the pantomime acts ceased and closing time were not subject to the cabaret tax even though patrons had been present continuously from the time the entertainment was provided. La Jolla Casa De Manana v. Riddell, 106 F.Supp. 132.

Congress, in enacting the cabaret tax law, did not intend to reach payments for refreshments served after the establishment ceased to be a cabaret. Judge Luongo of the United States District

Court for the Eastern District of Pennsylvania, in the case of Carroll v. United States, 213 F.Supp. 847, saw the question in a similar light, stating that "[u]nity between the service of refreshments and the enjoyment of entertainment serves as the judicial touchstone in determining the validity of cabaret tax assessments".

From the facts of the case before me, there seems to be little doubt that such unity exists from the time customers entered the establishment until the last act was performed. However, as to sales made after the last floor show and prior to closing, this Court finds that such unity was lacking and, therefore, the cabaret tax is not to be imposed on refreshments sold during that period of time.

The motion for summary judgment filed by the defendant herein is granted. The complaint of the plaintiff will be dismissed and, as to the defendant's counterclaim, the parties shall submit an appropriate form of order granting judgment to the defendant in an amount computed consistent with this opinion.

It is so ordered.