James Phillip **ERICKSON**, d/b/a Wit's
End, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 21533.

United States Court of Appeals
Fifth Circuit.

Jan. 22, 1965.

Harry P. Hall, Jr., John L. Westmoreland, Jr., Atlanta, Ga., for appellant.

Thomas L. Stapleton, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Charles L. Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., Meyer Rothwacks, Dept. of Justice, Washington, D. C., for respondent.

Before WISDOM and GEWIN, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM.

■ The appellant complains of the action of the trial court in granting motion for summary judgment holding the appellant liable for cabaret taxes under §§ 4231(6) and 4232(b) of the Internal Revenue Code of 1954. It seems appropriate to state that a party opposing summary judgment may not rest upon the mere allegations or denials in his pleadings to avoid the granting of such a judgment otherwise justified. F.R.Civ. P. 56.[1]

■ Our review of the record convinces us that the District Court reached the correct conclusion. Erickson v. United States, D.C., 228 F.Supp. 421 (1963). The judgment is affirmed.

1. The pertinent provision of Rule 56(e) is as follows:

" * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. As amended Jan. 21, 1963, eff. July 1, 1963."

See also Dressler v. MV Sandpiper, 331 F.2d 130, (2 Cir. 1964).