**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SMITH INDUSTRIES, INC., Respondent.**

**No. 25691.**

United States Court of Appeals Fifth Circuit.

Nov. 12, 1968.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, William Wachter, William H. Carder, Abigail Baskier, Attys., N. L. R. B., Washington, D. C., for petitioner.

Louis B. Paine, Jr., Houston, Tex., Thomas R. Beech, Washington, D. C., for

respondent; Butler, Binion, Rice, Cook & Knapp, Houston, Tex., of counsel.

Before GOLDBERG and AINSWORTH, Circuit Judges, and SPEARS, District Judge.

AINSWORTH, Circuit Judge:

■ The question for decision is whether the National Labor Relations Board erred in granting summary judgment against the employer in the company's challenge to a collective bargaining representation election at which the union prevailed, without affording a formal hearing on the employer's objections to the election, and whether the denial of the requested hearing constituted a deprivation of constitutional due process of law. We hold that the summary decision of the Board, without allowing the employer to present evidence at a formal hearing, was, under the circumstances of this case, a denial of due process of law.[1]

■ On April 7, 1966, an election was held among the employees of Smith Industries (employer) in order to designate a collective bargaining representative, and the United Steelworkers of America, AFL–CIO (union), prevailed by a vote of 111 votes to 85 votes (with 16 challenged ballots). The employer filed objections to the election on the grounds that the union had made material misrepresentations as to wages and benefits paid by a unionized competitor in a handbill distributed two days before the election, and that numerous employees had been coerced into voting for the union. The Regional Director conducted an ex parte investigation[2] and recommended that the company's objections be overruled. The company requested that the Board set aside the election or hold a hearing on its exceptions to the Regional Director's recommendations, but these requests were denied and the union was certified. Thereafter, the company refused to bargain with the union, and the union filed an unfair labor practice charge under Section 8(a) (5) of the National Labor Relations Act (29 U.S.C. § 158(a) (5)). A refusal to bargain is a common method for challenging the Board's certification of a union since Board decisions in representation proceedings usually are not reviewable by the courts of appeals. N. L. R. B. v. Air Control Products of St. Petersburg, Inc., 5 Cir., 1964, 335 F.2d 245, and cases cited therein. See Neuhoff Brothers Packers, Inc. v. N. L. R. B., 5 Cir., 1966, 362 F.2d 611; Home Town Foods, Inc. v. N. L. R. B., 5 Cir., 1967, 379 F.2d 241. After the complaint was issued, the General Counsel filed a motion for summary judgment alleging "that there is no genuine or disputed issue as to any material fact," contending that the issues in the representation proceeding had already been litigated. The company responded with certain offers of proof, but the Trial Examiner granted the General Counsel's motion. The Board affirmed the Trial Examiner's ruling.[3]

1. Sec, e. g., Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (concurring opinion of Mr. Justice Frankfurter) ; N. L. R. B. v. Ortronix, Inc., 5 Cir., 1967, 380 F.2d 737, 740; United States Rubber Co. v. N. L. R. B., 5 Cir., 1967, 373 F.2d 602; N. L. R. B. v. Joclin Mfg. Co., 2 Cir., 1963, 314 F. 2d 627; N. L. R. B. v. Lamar Electric Membership Corporation, 5 Cir., 1966, 362 F.2d 505. Cf. Dixon v. Alabama State Board of Education, 5 Cir., 1961, 294 F.2d 150.

2. Such an investigation by the Regional Director is provided for in Section 102.69 (c) of the Board's Rules and Regulations, 29 C.F.R. § 102.69(c), where the ob-

jections to the election do not raise "substantial and material factual issues."

3. In N. L. R. B. v. Ortronix, Inc., 5 Cir., 1967, 380 F.2d 737, 739, we said :
"Representation proceedings do not come before us by direct review, but where an unfair labor practice is charged for refusal to bargain, and the employer has refused to recognize the certification, the election proceedings are then before the court for review and the representation cases and the unfair labor practice case become as one and the complete record is fully reviewable. United States Rubber Company v. N. L. R. B., 5 Cir., 1967, 373 F.2d 602, 603 (see footnote 3 and cases there cited)."

In order to obtain a hearing in a post-election representation proceeding,[4] the objecting party must supply prima facie evidence, presenting "substantial and material factual issues," which would warrant setting aside the election. 29 C.F.R. § 102.69(c).[5] This administrative standard is also the constitutional standard under the due process clause.[6] Classically, a hearing is required where it is necessary to preserve a party's rights. As Chief Judge Brown of this Circuit has formulated the doctrine in N. L. R. B. v. Air Control Products of St. Petersburg, Inc., 5 Cir., 1964, 335 F.2d 245, 249:

> "If there is nothing to hear, then a hearing is a senseless and useless formality. * * * '[t]he Constitution protects procedural regularity, not as end in itself, but as a means of defending substantive interests.'"

Thus "[a] hearing is unnecessary * * * where if all the facts contended for by the objecting party 'were credited no ground is shown which would warrant setting aside the election.'" N. L. R. B. v. Bata Shoe Company, 4 Cir., 1967, 377 F.2d 821, 826, citing N. L. R. B. v. Air Control Products of St. Petersburg, Inc., supra. However, there is great difficulty in determining when there is "nothing" to be heard,[7] and in this regard, we find Professor Davis' approach helpful.[8]

> "Facts pertaining to the parties and their activities, that is, adjudicative facts, are intrinsically the kind of facts that ordinarily ought not to be determined without giving the parties a chance to know and to meet any evidence that may be unfavorable to them, that is, without providing the parties an opportunity for [a trial type of hearing].

> "Adjudicative facts are facts about the parties and their activities, businesses, and properties, usually answering the questions of who did what, where, when, how, why, with what motive or intent; *adjudicative facts are roughly the kind of facts that go to a jury in a jury case.*" (Emphasis added.)

Davis, The Requirement of a Trial-Type Hearing, 70 Harv.L.Rev. 193, 199 (1956). Thus, this Court's standards for the granting of summary judgment on pleadings and affidavits are instructive as to whether the Board acted within constitutional limits in failing to grant a hearing.

In order for a case to go to a jury, the evidence must be "of such a character that reasonable men exercising

---

4. The criteria for whether a hearing will be granted in an unfair labor practice proceeding, where the basis of the employer's failure to bargain is a challenge to the union's certification in the prior representation proceeding, are whether the evidence offered is newly discovered or was unavailable at the time of the representation proceeding. N. L. R. B. v. Douglas County Electric Membership Corp., 5 Cir., 1966, 358 F.2d 125, 129 (Brown, J.); United States Rubber Co. v. N. L. R. B., 5 Cir., 1967, 373 F.2d 602, 604. However, the usual procedure is to remand for a hearing in the representation proceeding if a hearing is found to be necessary rather than ordering one at the unfair labor practice stage. See United States Rubber Co. v. N. L. R. B., 5 Cir., 1967, 373 F.2d 602, 607n.

5. See Howell Refining Co. v. N. L. R. B., 5 Cir., 1968, 400 F.2d 213; Home Town Foods, Inc. v. N. L. R. B., 5 Cir., 1967, 379 F.2d 241; N. L. R. B. v. Ortronix, Inc., 5 Cir., 1967, 380 F.2d 737; United States Rubber Co. v. N. L. R. B., 5 Cir., 1967, 373 F.2d 602; N. L. R. B. v. O. K. Van Storage, Inc., 5 Cir., 1961, 297 F.2d 74; N. L. R. B. v. Air Control Products of St. Petersburg, Inc., 5 Cir., 1964, 335 F.2d 245; N. L. R. B. v. Bata Shoe Company, 4 Cir., 1967, 377 F.2d 821; N. L. R. B. v. Sun Drug Co., 3 Cir., 1966, 359 F.2d 408; N. L. R. B. v. National Survey Service, Inc., 7 Cir., 1966, 361 F.2d 199.

6. N. L. R. B. v. Bata Shoe Company, 4 Cir., 1967, 377 F.2d 821, 825; N. L. R. B. v. Air Control Products of St. Petersburg, Inc., 5 Cir., 1964, 335 F.2d 245, 249, citing Fay v. Douds, 2 Cir., 1949, 172 F.2d 720, 725; N. L. R. B. v. Ortronix, Inc., 5 Cir., 1967, 380 F.2d 737.

7. See, e. g., Howell Refining Co. v. N. L. R. B., 5 Cir., 1968, 400 F.2d 213; N. L. R. B. v. Ortronix, Inc., 5 Cir., 1967, 380 F.2d 737.

8. See generally 1 Davis, Administrative Law Treatise §§ 7.01–7.20 (1958).

impartial judgment may differ in their conclusion, * * *." Cater v. Gordon Transport, Inc., 5 Cir., 1968, 390 F.2d 44, 46, cited in Keating v. Jones Development of Missouri, Inc., 5 Cir., 1968, 398 F.2d 1011, 1013. As a corollary to this rule, a "summary judgment can be granted only when there is 'no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law.'" Keating v. Jones Development of Missouri, Inc., 5 Cir., 1968, 398 F.2d 1011, 1013, citing Fed.R. Civ.P. 56(c).[9] While a party may not avoid a summary judgment merely by denying an opponent's allegations, Erickson v. United States, 5 Cir., 1965, 340 F.2d 512, it "should be granted only * * * *where it is quite clear what the truth is.*" National Screen Service Corp. v. Poster Exchange, Inc., 5 Cir., 1962, 305 F.2d 647, 651. If the Court must rely "upon an inquiry into the surrounding facts and circumstances, the Court should refuse to grant a motion for a summary judgment until the facts and circumstances have been sufficiently developed to enable the Court to be reasonably certain that it is making a correct determination of the question of law." Palmer v. Chamberlin, 5 Cir., 1951, 191 F.2d 532, 540, 27 A.L.R.2d 416. Indeed, summary judgment may be improper even where "the historic facts" are free of controversy:

> "It is often the case that although the basic facts are not in dispute, the parties nevertheless disagree as to the inferences which may properly be drawn. Under such circumstances the case is not one to be decided on a motion for summary judgment."

Keating v. Jones Development of Missouri, Inc., 5 Cir., 1968, 398 F.2d 1011,

citing America Fid. & Cas. Co. v. London & Edinburgh Ins. Co., 4 Cir., 1965, 354 F.2d 214, 216.

We proceed to examine the facts of this case in the light of the above discussion. First, the Board found that the union had misrepresented that it had a Christmas bonus plan in writing at a competing company, whereas, in actuality, the agreement was oral. However, the employer in this case offered to prove through the testimony of Robert Bambace, an attorney for the competitor, that the union had traded off the Christmas bonus as a part of the total wage package. Undoubtedly, under some circumstances, if the company's contention is accurate, the election should be set aside.[10] Thus, the Board acted improperly in failing to hold a hearing to resolve this disputed issue of fact upon the employer's offer of prima facie evidence, and the Board should have reserved judgment until the facts and circumstances were "sufficiently developed to enable the [Board] to be reasonably certain that it is making a correct determination of the question of law." Palmer v. Chamberlin, 5 Cir., 1951, 191 F.2d 532, 540, 27 A.L.R.2d 416.

Second, the employer offered to prove through the testimony of Marion Faulkner, personnel director of the employer, that various employees had informed him of threats made against them to compel them to vote for the union. The employer presented the affidavits of eight employees who alleged that they had been coerced, and offered to have other employees testify to the same effect. Under the recent decision of Howell Refining Co. v. N. L. R. B., 5 Cir., 1968, 400 F.2d 213, and even under earlier Fifth Circuit cases,[11] it is clear

9. See also Sheets v. Burman, 5 Cir., 1963, 322 F.2d 277. Cf. 29 C.F.R. § 102.69(c). See generally 6 Moore, Federal Practice ¶ 56.16 (2d ed. 1965).

10. Cf. Allis-Chalmers Mfg. Co. v. National Labor Rel. Bd., 7 Cir., 1958, 261 F.2d 613.

11. See, e. g., Home Town Foods, Inc. v. N. L. R. B., 5 Cir., 1967, 379 F.2d 241:

"The employer filed detailed objections to union conduct ['tactics of terror and coercion'] allegedly affecting the election results and furnishing numerous employee affidavits in support of its contentions. The Regional Director conducted an ex parte investigation of these charges." (Id. at 242.)
"We are also of the opinion that substantial and material factual issues ex-

that the employer brought forth enough evidence to raise substantial and material issues of fact. The Board found that even assuming these acts of coercion actually occurred (although the accused employees denied this), there was no proof of an agency relationship between those employees making the threats (particularly one Charles DiPasquale) and the union. Ignoring the fact that the Board applied an improper legal standard,[12] the employer is entitled to a hearing on the agency dispute. It offered to prove through the testimony of its personnel director that DiPasquale had the reputation of being the chief union organizer, though the union failed to designate any official representatives. As this Court held in Howell Refining Co. v. N. L. R. B., 5 Cir., 1968, 400 F.2d 213:

> "Our review of the record in the instant case convinces us that substantial and material factual issues are present and that the evidence tendered by the company meets the prescribed standards. *Specifically, we find that the company's allegation that the individuals involved were union agents and the union's denial of agency, when considered in light of all the evidence, create such an issue.* In addition, the Regional Director's decision indicates that the employees who were accused of making threats denied such conduct on their part. Thus *there appears to be a head-on-clash between the company on one hand and the union and the employees on the other.*"

ist which make it necessary that the employer be given a hearing * * *."
(Id. at 244.)

12. In Home Town Foods, Inc. v. N. L. R. B., 5 Cir., 1967, 379 F.2d 241, 244, this Court stated that

"We are not impressed with the argument that all coercive acts must be shown to be attributable to the union itself, rather than to the rank and file of its supporters. As the Board has once said, 'The important fact is that such conditions existed and that a free election is hereby rendered impossible.' Diamond State Poultry Co., 1953, 107 N.L.R.B. 3, 6."

[Citing N. L. R. B. v. Ortronix, Inc., 5 Cir., 1967, 380 F.2d 737, 740] (Emphasis added.)

Obviously, the facts as to the alleged acts of coercion and as to the agency of the employees allegedly making those threats are in dispute, the truth is not clear, and the Board erred in acting summarily without a hearing.

Finally, the employer offered to prove that information as to the wage terms at its competitors had become available, and that this information established that the union had misrepresented the wages paid by one competitor, and that additional information as to job classifications was necessary to make meaningful comparisons with the other competitors. In addition, the employer offered to prove that none of the maximum wages represented by the union in its handbill appear in any one agreement, and that the union merely picked the highest salary in each job category from the various contracts executed at competing plants. Under this Court's decision in N. L. R. B. v. Ortronix, Inc., 5 Cir., 1967, 380 F.2d 737, it is clear that there were material issues of fact which required a formal hearing, and that "the failure of the Board to provide one was a denial of procedural due process." Id. at 740. The truth was not clear, the conclusions of law were not obvious, and the employer should have had a fair hearing.

Obviously, we do not hold that a hearing is required in every case to determine the validity of objections to a Board-conducted election.[13] "[T]here

13. "But 'due process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances. * * * Due process is not a mechanical instrument. It is not a yardstick. It is a process. It is a delicate process of adjustment inescapably involving the exercise of judgment by those whom the Constitution entrusted with the unfolding of the process.

* * * * *

"* * * what is unfair in one situation may be fair in another."

Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 162, 163, 71 S.

is no requirement, constitutional or otherwise, that there be a hearing in the absence of substantial and material issues * * *." N. L. R. B. v. Bata Shoe Company, 4 Cir., 1967, 377 F.2d 821, 826, and cases cited therein; N. L. R. B. v. J. R. Simplot Company, 9 Cir., 1963, 322 F.2d 170; Cafeteria & Rest. Wkrs. U., Local 473 v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). However, the problem in these representation proceedings is that we are dealing with the elusive concept of the subjective effect of objective union conduct on "the minds of the voters," and subjective as well as objective evidence may be sufficient to overturn the election. See Home Town Foods, Inc. v. N. L. R. B., 5 Cir., 1967, 379 F.2d 241, 244. An evaluation of the historic facts, without an inquiry into the surrounding circumstances, without viewing those facts cumulatively, and without an opportunity to directly observe and examine witnesses, may lead to erroneous legal conclusions. As the Ninth Circuit has recently stated in Consolidated Electric Co. v. United States, 9 Cir., 1966, 355 F.2d 437, 438, 439, cited in Riley-Stabler Construction Co. v. Westinghouse Electric Corp., 5 Cir., 1968, 401 F.2d 526 (Rives, J., specially concurring): [14]

> "When an issue requires determination of state of mind, it is unusual that disposition may be made by summary judgment. See Alabama Great So.

R. R. [Co.] v. Louisville & N. R. R. [Co.] 224 F.2d 1, 5 * * * (5th Cir. 1955). It is important, and ordinarily essential, that the trier of fact be afforded the opportunity to observe the demeanor, during direct and cross-examination, of a witness whose subjective motive is at issue."

While we are fully cognizant of the statutory and administrative policy in favor of expeditiously processing objections to representation elections in order to facilitate collective bargaining, N. L. R. B. v. Zelrich Company, 5 Cir., 1965, 344 F.2d 1011, 1015, "this policy cannot operate to deprive the employer of a hearing in circumstances where it is entitled thereto." United States Rubber Co. v. N. L. R. B., 5 Cir., 1967, 373 F.2d 602, 607.[15]

> "While the consideration of whether an administrative body must give notice and an opportunity to be heard to interested individuals frequently involves difficulties of statutory interpretation, the ultimate legal problem is whether the procedure utilized satisfies the guarantee of due process of law."

Gellhorn & Byse, Cases and Comments on Administrative Law 709 (4th ed. 1960).[16] Hence, we exercise our discretion to require the Board not to "shut off a party's right to produce evidence or conduct cross-examination material to the issues * * *." N. L. R. B. v. Ortronix, Inc.,

---

Ct. 624, 643, 644, 95 L.Ed. 817 (1941) (Mr. Justice Frankfurter concurring).

14. See 6 Moore, Federal Practice ¶ 56.17 (2d ed. 1965) [41–1], and cases cited therein.

15. Cf. Swift & Company v. United States, 7 Cir., 1962, 308 F.2d 849.

16. See, e. g., Hannah v. Larche, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960); Hornsby v. Allen, 5 Cir., 1964, 326 F.2d 605; Amos Treat & Co. v. Securities and Exchange Commission, 1962, 113 U.S.App.D.C. 100, 306 F.2d 260; N. L. R. B. v. Ortronix, Inc., 5 Cir., 1967, 380 F.2d 737, 740; N. L. R. B. v. Bata Shoe Company, 4 Cir., 1967, 377 F.2d 821, 825; Marshall v. Sawyer, 9 Cir., 1966, 365 F.2d 105, 111; Cafeteria

& Rest. Wkrs. U., Local 473 v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961); N. L. R. B. v. Air Control Products of St. Petersburg, Inc., 5 Cir., 1964, 335 F.2d 245. Cf. Madera v. Board of Education of City of New York, 2 Cir., 1967, 386 F.2d 778, 783. See generally Schwartz, Procedural Due Process in Federal Administrative Law, 25 N.Y.U.L.Rev. 552 (1950). As Mr. Justice Frankfurter once stated, the due process clause of the Federal Constitution gives expression to "that feeling of just treatment which has been evolved through centuries of Anglo-American constitutional history and civilization." Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 162, 71 S.Ct. 624, 643, 95 L.Ed. 817 (1951) (Mr. Justice Frankfurter concurring).

5 Cir., 1967, 380 F.2d 737, 741, citing National L. R. Board v. Indiana & Mich. Elec. Co., 318 U.S. 9, 28, 63 S.Ct. 394, 405, 87 L.Ed. 579 (1943).

Enforcement of the Board's order is denied and the case is remanded for a full hearing as to the validity of the election and certification.