**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CAPITAN DRILLING COMPANY, Respondent.**

**No. 26145.**

United States Court of Appeals Fifth Circuit.

March 19, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Abigail Baskir, Atty., N.L.R.B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Elliott Moore, William J. Avrutis, Attys., N.L.R.B., for petitioner.

Brooks L. Harman, Joseph Connally, Odessa, Tex., for respondent, Turpin, Smith, Dyer, Hardie & Harman, Odessa, Tex., of counsel.

Before AINSWORTH and SIMPSON, Circuit Judges, and MITCHELL, District Judge.

AINSWORTH, Circuit Judge:

This case is before the Court on petition of the National Labor Relations Board to enforce an order to bargain against Capitan Drilling Company, Inc. (Employer).

On August 16, 1966, pursuant to a stipulation for a consent election, a representation election took place at four different locations, and Local 826 of the International Union of Operating Engineers, AFL-CIO (Union), prevailed by a vote of 13 to 5. On August 19, 1966, the Employer filed objections to the election, alleging, inter alia, that when the balloting was completed at the Sterling County, Texas, location, the ballot box was not properly sealed by the Agent of the Board who had custody of the box pending the count of the ballots the next morning. Specifically, the Company alleged that one of the seams on the ballot box was not sealed with masking tape and that thus there was enough space to insert or remove ballots. There were no allegations, however, that the Board Agent acted improperly or that interested persons actually removed or inserted ballots into the box.

The Regional Director conducted an ex parte investigation of the Employer's

objections, 29 C.F.R. § 102.69(c), and concluded that they were without merit. The Board adopted the recommendations of the Regional Director and certified the Union, and subsequently, the Company refused to bargain, again asserting that the ballot boxes were not properly sealed. The Union then filed an unfair labor practice charge with the Board under Section 8(a) (5) of the National Labor Relations Act (29 U.S.C. § 158(a) (5)), and the Trial Examiner granted General Counsel's motion for summary judgment, holding that, in the absence of newly discovered or previously unavailable evidence, the Employer could not relitigate issues previously decided in the representation proceeding. The Board adopted the Trial Examiner's findings and ordered the Company to bargain with the Union.

■ The Employer contends that the Board's conclusions were not supported by substantial evidence, and that, in any event, the Board erred in failing to conduct an evidentiary hearing on its objections to the election. It is well settled in this Circuit that "In order to obtain a hearing in a post-election representation proceeding, the objecting party must supply prima facie evidence, presenting 'substantial and material factual issues,' which would warrant setting aside the election." N.L.R.B. v. Smith Industries, Inc., 5 Cir., 1968, 403 F.2d 889, 892, and cases cited therein; N.L.R.B. v. Genesco, Inc., 5 Cir., 1969, 406 F.2d 393. This means that a summary disposition is proper only where the facts are not in dispute, the truth is quite clear, and the moving party is entitled to a judgment in its favor as a matter of law. N.L.R.B. v. Smith Industries, Inc., 403 F.2d at 892–893.

The Board's policy is to set aside elections where the behavior of its agents gives an "appearance of irregularity" to the representation election process—regardless of whether the sanctity of the ballot box actually was impaired. Athbro Precision Engineering Corp., 166 NLRB No. 116 (1967); Tidelands Marine Services, Inc., 116 NLRB 1222 (1956); Hook Drugs, Inc., 117 NLRB 846 (1957). This standard recently was affirmed by this Court in Delta Drilling Company v. N.L.R.B., 5 Cir., 1969, 406 F.2d 109. However, after a careful examination of the record and the Employer's offers of proof, we conclude that the Employer failed to make a prima facie showing which would warrant setting aside the election, and thus we enforce the Board's order to bargain.

■ The Employer offered to prove that the opening in the ballot box had never been covered with tape. In addition, the Company alleged that an evidentiary hearing would permit it to question the Board's Agent as to whether interested persons had access to the box between the closing of the polls and the counting of the ballots. There was no allegation or offer of proof to the effect that the Board Agent acted improperly by fraternizing with Union representatives while he had the ballot box in his physical possession. Delta Drilling Company v. N.L.R.B., 5 Cir., 1969, 406 F.2d 109. Nor did the Company offer to prove that the ballot box had been left unattended for any period of time. Austill Waxed Paper Co., 169 NLRB No. 169 (1968); Hook Drugs, Inc., 117 NLRB 846 (1957). In essence, the Company's sole argument rests upon one missing strip of masking tape, and the uncorroborated speculation, based on that fact, that the ballot box could have been tampered with. We do not think that this offer of proof is sufficient to necessitate an evidentiary hearing or the setting aside of the election. N.L.R.B. v. Smith Industries, Inc., 5 Cir., 1968, 403 F.2d 889, 894–895; LTV Electrosystems, Inc. v. N.L.R.B., 4 Cir., 1968, 388 F.2d 683, 684.

Enforced.