**TRADE WINDS COMPANY, Petitioner-Cross Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent-Cross Petitioner.**

No. 27626.

United States Court of Appeals Fifth Circuit.

July 22, 1969.

John Bacheller, Jr., Atlanta, Ga., John B. Shepard, Lakewood, Ohio, Fisher & Phillips, Atlanta, Ga., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Walter C. Phillips, Director, Tenth Region, N. L. R. B., Atlanta, Ga., Ronald R. Helveston, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate Gen. Counsel, Norton J. Come, Asst. Gen. Counsel, Nancy M. Sherman, Atty., National Labor Relations Board, for respondent.

Before WISDOM and CARSWELL, Circuit Judges, and ROBERTS, District Judge.

ROBERTS, District Judge:

This case is before the Court for review of and on cross-application for enforcement of the bargaining order of the National Labor Relations Board, 175 N. L.R.B. No. 37. We deny enforcement and remand for further proceedings.

On August 24, 1967, the Union filed a representation petition with the Board, seeking certification as the exclusive bargaining representative of the Company's production and maintenance employees. Following a hearing on that petition, the Board's Regional Director directed a secret-ballot election among the employees in an appropriate unit. The election was held on November 3, and resulted in a vote of 126 to 90 in favor of the Union, with 32 ballots challenged. The Company filed timely objections, alleging that preelection conduct by the Union and improper conduct on the part of a Board agent had affected the results of the election.

The Regional Director conducted an administrative investigation and recommended that the objections of the Company be overruled. After the Regional Director denied its motion to reconsider, the Company requested the Board to set aside the election or to hold a hearing on the objections, but these requests were denied and the Union was certified.

The newly certified Union asked the Company to meet with it and bargain collectively; the Company refused and the Union filed an unfair labor practice charge under Section 8(a)(5) of the National Labor Relations Act. Such a refusal to bargain is the only method for challenging the Board's certification of a union. N.L.R.B. v. Genesco, Inc., 5 Cir. 1969, 406 F.2d 393. After the complaint was issued, the General Counsel moved for summary judgment, and the motion was granted by the Trial Examiner. The Board affirmed this ruling and ordered the Company to bargain with the Union.

The basic question presented by this appeal is whether the Board erred in not affording the Company a formal hearing on its objections to the representation election, a question that is becoming commonplace. N. L. R. B. v. Smith Industries, 5 Cir., 1968, 403 F.2d 889; N. L. R. B. v. Genesco, Inc., supra. The test is clearly stated in Smith Industries:

> In order to obtain a hearing in a post-election representation proceeding, the objecting party must supply prima facie evidence, presenting 'substantial and material factual issues,' which would warrant setting aside the election. 29 C.F.R. § 102.69(c). This administrative standard is also the constitutional standard under the due process clause. * * * [T]his Court's standards for the granting of summary judgment in pleadings and affidavits are instructive as to whether the Board acted within constitutional limits in failing to grant a hearing. 403 F.2d at 892.

To support its objections in the instant case, the Company filed sworn affidavits that constitute "specific evidence of specific events from or about specific people." N. L. R. B. v. Douglas County Electric Membership Corp., 5 Cir., 1966, 358 F.2d 125, 130. Assuming, as we must, that the affidavits are true, the facts surrounding the close election are as follows.

At least two employees received anonymous and systematic phone calls seriously threatening their homes, families and lives if they did not vote for the Union. One employee became so frightened she had a policeman take her to work. The sources of the calls were not known.

On election day, former employees of the Company urged the employees waiting to vote to support the Union. Some of these former employees were heard to say "you better vote for the Union." One employee, who was on the voting list, received his ballot, and while he was marking it in the booth his vote was challenged by a Union observer. When the employee left the booth and started to put his ballot in the ballot box, a Board agent intercepted him and at-

tempted to take the ballot. Rather than surrender his marked ballot, the employee swallowed it. He went to the Company officials who advised him to return and try to vote again. He followed the advice but was refused by the Board agent.

The Company contends that these facts make out at least a prima facie case that there were "such serious threats of physical violence and coercive conduct that 'an atmosphere of fear and reprisal existed and [rendered] * * * a free election * * * impossible.'" Shoreline Enterprises of America, Inc. v. N. L. R. B., 5 Cir., 1959, 262 F.2d 933, 942, 69 A.L.R.2d 1174. We agree. See N. L. R. B. v. Tampa Crown Distributors, Inc., 5 Cir. 1959, 272 F.2d 470; Home Town Foods, Inc. v. N. L. R. B., 5 Cir., 1967, 379 F.2d 241; Howell Refining Co. v. N. L. R. B., 5 Cir., 1968, 400 F.2d 213; N. L. R. B. v. Smith Industries, supra. The language of the Court in Home Town Foods is appropriate for summation:

> It is not the effect of any one of the objectionable acts standing alone, however, but the combined effect of all of them, which must be considered. * * * Viewed cumulatively, we have no doubt that the employer's objections charge that the election was conducted in less than the laboratory conditions so often promised by the Board and required by the Courts. We are also of the opinion that substantial and material factual issues exist which make it necessary that the employer be given a hearing and an opportunity to establish his charges * * *. One of the important issues is the effect of the election and pre-election practices of union supporters on the minds of the voters. The Courts have usually applied an objective test to determine whether interference with an election is sufficient to set it aside. * * * Subjective evidence of fear and coercion, however, may carry the day as well.

* * * We are not impressed with the argument that all coercive acts must be shown to be attribual to the union itself, rather than to the rank and file of its supporters. As the Board has once said, 'The important fact is that such conditions existed and that a free election is hereby rendered impossible'. 379 F.2d at 244.

Enforcement of the Board's order is denied and the case is remanded for a full hearing as to the validity of the election and certification.