AMAX ALUMINUM EXTRUSION PROD-
UCTS, INC., Petitioner-Cross
Respondent,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent-Cross
Petitioner.

No. 27570.

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1970.

Rehearing Denied and Rehearing En
Banc Denied April 13, 1970.

Matthew E. Murray, Charles J. Griffin, Jr., Chicago, Ill., Robert J. Shalk, Niles, Mich., for petitioner-cross respondent; Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., of counsel.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Herman M. Levy, Mitchell I. Strickler, Attys., National Labor Relations Board, Washington, D.C. John J. A. Reynolds, Jr., Director, 26th Region N. L. R. B., Memphis, Tenn., for respondent-cross petitioner.

Before AINSWORTH, DYER and SIMPSON, Circuit Judges.

PER CURIAM.

Amax Aluminum Extrusion Products, Inc. petitioned this Court to set aside a final order of the National Labor Relations Board that it cease and desist from refusing to bargain with Aluminum Workers International Union, AFL–CIO, in violation of Section 8(a) of the National Labor Relations Act. The Board cross-petitioned for enforcement.

The Company's refusal to bargain was based on its contention that the election and subsequent certification of the Un-

ion should be set aside because of the tension and racial unrest existing as a result of the recent assassination of Dr. Martin Luther King, the Negro civil rights leader, and other alleged objectionable actions, all of which had the effect of destroying the requisite "laboratory conditions" on the day of the election.[1] The election occurred at the Company's plant at Hernando, Mississippi, in the Greater Memphis Area, one day following the funeral of King. Thirty-five ballots were cast for the Union, twenty-five against, and three challenged. The Company then filed its objections requesting that the election be set aside and in the alternative that a hearing be held on the factual issues involved. The Regional Director conducted an investigation of the Company's objections, after which he recommended that they be overruled. The Board adopted the Regional Director's findings that the objections were without merit and "raise no material or substantial issues of fact or law which would warrant reversal * * * or require a hearing." The Union was accordingly certified as collective bargaining representative. The Company subsequently refused to bargain with the Union, whereupon the unfair labor charge was brought against it. The Trial Examiner then granted the General Counsel's motion for Judgment on the Pleadings, which the Board sustained.

The Company contends that the Board erred in refusing to order a hearing in either the representation or unfair labor practice proceedings. The defenses of the Company in the unfair labor prac-

tice proceedings were substantially the same as the objections relied upon by the Company in the representation proceedings, and consisted of allegations of improper electioneering in the vicinity of the voting area, fraternization between alleged Union representatives and the Board agent, thus said to give an appearance of irregularity, pre-election misrepresentation, threats and intimidation by the Union, and the atmosphere created by the assassination of King. The Regional Director caused numerous affidavits to be taken and all of the objections were thoroughly investigated and subsequently analyzed by the Regional Director in his detailed report and considered to be without merit. Despite the speculative nature of most of the allegations, which in itself would preclude the necessity of a hearing,[2] the Regional Director nevertheless assumed the truth thereof and still concluded that there was no undue coercion or pressure which would have affected the election.

This Court has consistently guarded the rights of a party to a hearing where one is warranted.[3] However, we have repeatedly held that a party objecting to the validity of an election must present substantial and material issues of fact which would warrant setting aside the election in order to obtain a hearing in a post-election representation proceeding.[4] The record before us establishes that the Company has failed to carry this heavy burden and that it presented no new substantial issues in the unfair labor practice proceedings which would require a hearing. "If

---

1. See Delta Drilling Company v. N. L. R. B., 5 Cir., 1969, 406 F.2d 109, 112–113; Home Town Foods, Inc. v. N. L. R. B., 5 Cir., 1969, 416 F.2d 392, 396.

2. See N. L. R. B. v. Capitan Drilling Company, 5 Cir., 1969, 408 F.2d 676, 677; N. L. R. B. v. Air Control Products of St. Petersburg, Inc., 5 Cir., 1964, 335 F.2d 245.

3. See N. L. R. B. v. Otronix, Inc., 5 Cir., 1967, 380 F.2d 737; Home Town Foods,

Inc. v. N. L. R. B., 5 Cir., 1967, 379 F.2d 241; National Labor Relations Bd. v. Dallas City Packing Co., 5 Cir., 1956, 230 F.2d 708.

4. N. L. R. B. v. Smith Industries, Inc., 5 Cir., 1968, 403 F.2d 889, 892; Howell Refining Company v. N. L. R. B., 5 Cir., 1968, 400 F.2d 213; Home Town Foods, Inc. v. N. L. R. B., 5 Cir., 1967, 379 F.2d 241; United States Rubber Company v. N. L. R. B., 5 Cir., 1967, 373 F.2d 602.

there is nothing to hear, a hearing is a senseless and useless formality." [5]

We conclude that the findings of the Board are supported by the record considered as a whole,[6] and that the Board exercised reasonable discretion in light of the circumstances.[7]

Accordingly, the order of the Board is enforced.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM.

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

5. N. L. R. B. v. Air Control Products of St. Petersburg, Inc., 5 Cir., 1964, 335 F.2d 245, 249.

6. Universal Camera Corp. v. National Labor Rel. Bd., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); N. L. R. B. v. Camco, Incorporated, 5 Cir., 1965, 340 F.2d 803, 808.

7. Pepperell Manufacturing Company v. N. L. R. B., 5 Cir., 1968, 403 F.2d 520, 522; National Labor Relations Board v. Animal Foods Company of Texas, 5 Cir., 1968, 395 F.2d 744.