NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

D. H. FARMS COMPANY, Respondent.

No. 71–1969.

United States Court of Appeals,
Sixth Circuit.

Aug. 11, 1972.

Michael E. Abram, N. L. R. B., Washington, D. C., for petitioner; Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul J. Spielberg, N. L. R. B., Washington, D. C., Jerome H. Brooks, director, Region 7, N. L. R. B., Detroit, Mich., on brief.

Thomas H. Schwarze, Detroit, Mich., for respondent; Fred B. Schwarze, of Keller, Thoma, McManus, Toppin & Schwarze, Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and THOMAS, District Judge.*

PHILLIPS, Chief Judge.

This case is before the court on the application of the National Labor Relations Board for enforcement of its bargaining order against D. H. Farms Co. (the Company), reported at 192 N.L.R. B. No. 15. The Board found that the Company violated § 8(a) (5) and (1) of the Act by refusing to bargain with the

* Honorable William K. Thomas, Judge, United States District Court for the

Northern District of Ohio, sitting by designation.

Union,[1] which had been certified by the Board as the exclusive representative of the Company's employees. Reference is made to the reported decision of the Board for a detailed recitation of the facts.

On August 8, 1970, there was a pre-election hearing on the issue of whether some 24 employees who had been laid off July 8, 1970, were eligible to vote. On August 24, the Regional Director issued a decision and direction of election wherein he concluded that these employees had a "reasonable expectation of recall within a reasonable time in the future" and therefore were entitled to vote.

At the representative election held September 22, 1970, 19 of the 24 laid-off employees appeared and voted under challenge by the Company. Of the un-challenged votes ten were for the Union and 18 against. After the challenged ballots were counted the vote was 29 for the Union and 19 against. The Regional Director thereupon certified the Union as exclusive representative of all employees in the unit for purposes of collective bargaining.

The General Counsel filed a motion for summary judgment. The Company requested denial of the motion for summary judgment and requested a hearing on new evidence, which it contended was previously unavailable, pertaining to the eligibility of the laid-off employees. The affidavit of the plant manager, which was filed in support of a hearing, is made Appendix A to this opinion. The Board denied the request for a hearing, granted summary judgment and entered the bargaining order.

 We agree with the Board that, in the absence of newly discovered or previously unavailable evidence or special circumstances, a respondent in a proceeding alleging a violation of § 8(a) (5) is not entitled to relitigate issues which could have been litigated in a prior representation proceeding. *See* Pittsburgh Plate Glass Co. v. N.L.R.B.,

313 U.S. 146, 162, 61 S.Ct. 908, 85 L.Ed. 1251 (1941). We also agree that the eligibility of employees who are not working on the day of the election, including those on layoff, must be determined from the facts as they existed on the day of the election. *See* N.L.R.B. v. C. H. Sprague & Son Co., 428 F.2d 938 (1st Cir. 1970); N.L.R.B. v. Atkinson Dredging Co., 329 F.2d 158 (4th Cir. 1964), cert. denied, 377 U.S. 965, 84 S.Ct. 1647, 12 L.Ed.2d 736; M & S Morenci Corp., 100 N.L.R.B. 1114 (1952); and F. B. Rogers Silver Co., 95 N.L.R.B. 1430 (1951). We do not agree, however, with the contention that the affidavit, Appendix A, is vague or conclusory. To the contrary, we hold that the affidavit asserts facts requiring a hearing and that the Board erred in granting the motion of the General Counsel, for summary judgment. See N.L.R.B. v. Smith Industries, Inc., 403 F.2d 889 (5th Cir. 1968). The decision of the Regional Director was based upon facts as they existed at the time of the pre-election hearing August 8, 1970, and not as of the date of the election September 22. Under the facts and circumstances of this case, it is our opinion that the affidavit, Appendix A, and the Company's request for review raised substantial and material factual issues concerning the eligibility of laid-off employees on the date of the election. Summary judgment therefore was improper.

Enforcement of the bargaining order based on the summary judgment is denied. The case is remanded to the Board for a hearing.

## APPENDIX A

### AFFIDAVIT

STATE OF MICHIGAN
COUNTY OF WAYNE }

I Leonard J. Savitskie, having first been duly sworn, deposes and says:

My name is LEONARD J. SAVIT-SKIE, and I am employed as the Plant Manager for D. H. Farms Company. I

---

1. United Dairy Workers, Local 83, Retail, Wholesale and Department Store Union (AFL-CIO).

have been the Plant Manager for the past three and one-half years.

On 8/3/70, there were sixteen employees engaged in the disc production operation. This was the same number we had in the middle of July after we readjusted our work force following the layoff. Since 8/3/70, up to and including today, two employees have quit and one employee has returned from a leave of absence. Geralding Lynn quit on 8/2/70. Constance Taylor quit on 9/23/70. Helen Bean returned from a leave of absence on 10/1/70. Therefore, at the present time we have fifteen employees working in the disc operation.

I am presently considering recalling one employee to bring the work force back up to sixteen.

With the work force I have had for the past two and one-half months, I have been able to maintain my production schedules and delivery commitments.

Reviewing our production records for the past several years, knowing the orders I currently have on hand, and forecasting future needs, it is my best judgment that we will be able to continue to meet our production schedules and delivery commitments for at least the next six months with a work force of from fifteen to sixteen employees.

I should be noted that our business is not seasonal.

One year ago we had a lot more employees in the disc production operation, but only because of a production difficulty we had encountered. Two years ago we had seventeen or eighteen employees on the disc operation.

I do not foresee the time, at least in the next year, when our volume of work will require the rehiring of the employees currently on layoff. The only reason I can see for recalling laid-off employees in the near future would be to replace one of the fifteen or sixteen disc production employees who would possibly quit. Based on past experience, we would not be talking about more than three or four employees in the next six months. This would mean we would have to lose 25% of our work force in the next six months.

Further affidavit sayeth not.

/s/ Leonard J. Savitskie

Subscribed and sworn to before me this 15th day of October, 1970.

/s/ Lucy Yenchick

Notary Public, Wayne County, Michigan

My commission expires 1–10–71

[CERTIFICATE OF SERVICE]