NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

O. K. VAN STORAGE, INC., Respondent.

No. 18735.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1961.

Rosanna A. Blake, Atty., Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Asso. Gen. Counsel, Stuart Rothman, General Counsel, Richard H. Frank, Attorney, National Labor Relations Board, Washington, D. C., for petitioner.

Ellis O. Mayfield, El Paso, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and RIVES, Circuit Judges.

HUTCHESON, Circuit Judge.

This is a proceeding to enforce an order of the National Labor Relations Board. The questions presented arise out of a representation election conducted by the Board's Regional Director among the employees, in an appropriate bargaining unit, of O. K. Van Storage, Inc., the respondent herein, on July 19, 1958. After the election, Truck Drivers, Chauffeurs, Warehousemen and Helpers, Local Union No. 941, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (hereinafter referred to as 'the Union') was certified by the Board as the bargaining representative of O. K.'s employees in the unit. Respondent subsequently refused to bargain with the Union. The Board ultimately decided that such refusal amounted to an unfair labor practice under Section 8(a) (5) of the Act, 29 U.S.C.A. § 158(a) (5), and ordered respondent to cease and desist, to bargain collectively upon request, and to post the usual notices. The Board's petition for enforcement of its order followed.

Prior to the representation election it was known by respondent and the Board that certain employees who were members of the unit would be required by

reason of the fact that they were interstate truck drivers to be absent from El Paso, Texas, the place at which the election was to be held, on the date of the election. Among these employees were Henry Hernandez, Senior, and Henry Hernandez, Junior. In order that these two employees, about whom this controversy centers, could vote in the representation election to be held on July 19, 1958, they were directed to and did report on July 14, 1958 to the Board's Sub-Regional office in El Paso; there each was given a ballot and return envelope. Two days later, both left on a trip by truck to Washington, D. C. Their ballots were mailed by them near Selma, Alabama, at 2:00 P. M. on July 18, 1958, and were not received by the Board in time to be counted in the election. Out of twenty-one eligible voters, ten cast their votes for the Union, eight against the Union, and one challenged vote was not counted.

Respondent filed timely objections to the conduct of the election, alleging in effect, *inter alia*, that O. K. had been given to believe by the Board's Field Examiner that the Hernandez would be allowed to vote in person at the Board's Sub-Regional office, but that instead they were merely given ballots and return envelopes, *without instructions* as to the time by which the ballots had to be returned in order to be counted. Accompanying respondent's objections was the unsworn statement of its treasurer, reciting that both Hernandez had told him in Alexandria, Virginia, on July 21, 1958, that a woman at the Sub-Regional office:

" * * * handed the envelopes to us and told us to take them with us and that there was a sheet of instructions inside, the ballot and an envelope to return them in. She told me to read the instructions, mark the ballot and return them to the local office by mail. We then left the NLRB office and went home where we opened the envelopes. * * * I immediately read the instructions [sic] sheet thoroughly and understood it and marked my

ballot. * * * The instruction sheet did not say where the voters [sic] were to be returned to or that they had to be mailed or received anywhere by any certain date or time."

The Board's Regional Director, after considering and investigating the objections presented, concluded that none of them raised material or substantial issues with respect to conduct affecting the election, and recommended that the objections be overruled. Respondent excepted to the Regional Director's report, and the Board reviewed the objections, the report and the exceptions thereto, overruled the objections and certified the Union as collective bargaining representative of the employees in the appropriate unit.

The gist of respondent's specifications of error before this court is that the Board failed to instruct the Hernandez as to the date by which their ballots must have been received in order to be counted, that such failure denied them the opportunity to vote, that its allegations to that effect in its objections to the election raised substantial issues of fact which would warrant setting aside the election, and that the Board erred in failing to allow a hearing on the issues raised.

■■ The action of the Board was unexceptionable. In order to be entitled to a hearing on its objections to an election, an objecting party must supply the Board with specific evidence which prima facie would warrant setting aside the election. National Labor Relations Board v. Vulcan Furn. Mfg. Corp., 214 F.2d 369 (5 Cir. 1954), cert. den. 348 U.S. 873, 75 S.Ct. 109, 99 L.Ed. 687; Fay v. Douds, 172 F.2d 720 (2d Cir. 1959); Orleans Mfg. Co., 120 NLRB 630. See also Section 102.69 of the Board's Rules and Regulations. The burden is not on the Board to show that the election was fairly conducted but on respondent to show that it was not. National Labor Relations Board v. Huntsville Mfg. Co., 203 F.2d 430 (5 Cir. 1953). The evidence tendered by respondent in this case did

not meet the prescribed standards. It consisted of allegations based on the unsworn statement of respondent's treasurer as to what both Hernandez had told him. Irrespective of the fact that as hearsay its status as competent evidence was doubtful, the content of this statement was at best equivocal, for each employee allegedly stated both that he had read and understood the instructions, and that there were no instructions as to time of return. The Board, having in its possession a carbon copy of the instructions given the Hernandez, upon which the date for return was plainly indicated, was entitled to discount the evidential value of the treasurer's statement. More important, neither respondent in its objections and exceptions nor the Hernandez in their reported statements contended or offered to prove that the alleged failure of the Board to instruct was responsible for the failure to return the ballots within the prescribed time. Thus, an offer of proof as to one element of the prima facie case, namely, that the conduct complained of *caused* an unfair election, was completely missing. In this regard, moreover, the record is plain in revealing that the Board had posted on respondent's premise a "Notice of Election", which stated that the ballots of interstate drivers "must be received in the Board's El Paso office by 5:00 P.M., July 18, 1958, to be valid ballots"; and the statement offered by respondent itself indicates that Hernandez, Senior, noticed the posted notice but merely neglected to read it. The ballots of both Hernandez, according to the statement offered by respondent, were in the control of Hernandez, Senior, who intended to mail them on July 16th, but, having put them under the sun visor of his tractor, did not mail them until he noticed a mail drop two days later.

The National Labor Relations Act, as amended,[1] declares that it is the policy of the United States to encourage establishment of the collective bargaining relationship; the Act then specifies the procedures by which the relationship is to be established.[2] Nowhere in the Act is there a specific requirement that the Board conduct post-election hearings on objections to the conduct of elections; rather, it is implicit in the Act that questions preliminary to the establishment of the bargaining relationship be expeditiously resolved, with litigious questions reserved for the proceedings for review or enforcement of Board orders.[3] The Board nonetheless makes it a practice to hold post-election hearings on objections to elections, but in keeping with the spirit of the Act does so only when it appears that the allegations relied on to overturn the election have a basis in law and that there is evidence to support them. The opportunity for protracted delay of certification of the results of representation elections which would exist in the absence of reasonable conditions to the allowance of a hearing on objections is apparent. An objecting party who fails to satisfy such conditions has no cause for complaint when and if his demand for a hearing is denied.

We have considered all of the specifications of error relied upon by respondent and find them to be without merit. The action of the Board was in conformity with the standard of reasonableness in the exercise of the discretion accorded it in determining whether or not the election should have been set aside for irregularities in procedure. National Labor Relations Board v. Huntsville Mfg. Co., supra. It follows that the Board's petition for enforcement should be, and it is hereby, granted.

The order is

Enforced.

1. 61 Stat. 136, 73 Stat. 541, 29 U.S.C.A. § 151 et seq.

2. Id., § 159.

3. Id., § 159(d).