**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CREST LEATHER MANUFACTURING CORPORATION, Respondent.**

**No. 26645.**

United States Court of Appeals
Fifth Circuit.

July 22, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Harold A. Boire, Director, Region 12, N.L.R.B., Tampa, Fla., Robert A. Giannasi, Atty., N.L.R.B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Richard S. Rodin, Baruch A. Fellner, Attys., N.L.R.B., for petitioner.

Irving Abramson, Ruth Weyand, Melvin Warshaw, Washington, D. C., for intervenor.

Joseph Fleming, Parker D. Thomson, Miami, Fla., Paul & Thomson, Miami, Fla., for respondent.

Before WISDOM and CARSWELL, Circuit Judges, and ROBERTS, District Judge.

ROBERTS, District Judge:

This case comes before the Court upon application by the National Labor Relations Board for enforcement against Crest Leather of the Board's bargaining order [167 N.L.R.B. No. 155] and upon the Intervenor Union's application for review of the adequacy of the Board's order to "cease and desist" as redress for the refusal-to-bargain violation of the Company. We ENFORCE the Board's order without change.

On June 24, 1966, pursuant to a Stipulation for Certification upon Consent Election, the Regional Director for the 12th Region conducted an election, which the Union won 100 to 40 with no votes void or challenged. The Company filed timely objections alleging that the conduct of its own supervisors and of the Union warranted setting aside the election. The Company objected: (1) that on the day of the election a Company supervisor, acting on behalf of the Union, told unit employees to wear union buttons and to support the Union in the election; (2) that one or more of the Company's supervisors actively participated in the Union's organizational campaign; (3) that the Union offered to waive its initiation fees for individual employees if they would vote for the Union in the election; and (4) that over the objections of the Company, employees were allowed to enter the voting area wearing large Union buttons.

Following an investigation the Regional Director recommended that the objections be overruled and the Union certified. The Company excepted and requested a hearing. The Board ordered a hearing to resolve material issues raised by objections (1) and (2), and deferred ruling on objections (3) and (4). The Hearing Officer determined that objections (1) and (2) were insufficient to show an unlawful interference in the election and recommended to the Board that they be dismissed. The Company filed timely exceptions. The Board then adopted the Hearing Officer's Report, with minor modifications, on objections (1) and (2), and the Regional Director's Report on objections (3) and (4), and refused to grant a hearing on these objections, finding "no material or substantial issues of fact or law". Accordingly, the Board certified the Union.

The Union requested the Company to begin bargaining negotiations and the Company refused. The Union filed an unfair labor practice with the Board, alleging violation of § 8(a) (5) and (1) of the National Labor Relations Act. The Regional Director issued a complaint on this charge. The Company answered with a general denial, including a denial of the validity of the Union's certification. The General Counsel for the Board filed a motion to strike and a motion for summary judgment on the ground that the underlying representation case had decided the issues and they could not be relitigated. The motion was referred to the Trial Examiner who issued a show cause order on the motion. The Company responded that the Board lacked the power to authorize the granting of summary judgment, that a hearing was required in an unfair labor practice case, and that the motion should be denied. The Trial Examiner granted the motion for summary judgment and the Board affirmed, thereafter issuing its order.

I.

The first question presented on this appeal is whether the Board was correct in affirming the finding of the Hearing Officer on the Company's objections (1) and (2). On objection (1), the Officer found that on election day a Company supervisor in a spirit of levity asked two employees where their Union buttons were and told them they would be foolish if they were not pro-Union. That same supervisor made several innocuous statements prior to the election in favor of the Union, even though she was told not to do so by her superiors. These ac-

tions by the supervisor were found by the Hearing Officer to have had little or no effect on the election and to be in no way coercive. This conclusion was based on facts supported by substantial evidence and on the application of correct legal standards and should be left undisturbed.

On objection (2), there was conflicting evidence on the extent, if any, of supervisory participation in the Union's organizational campaign. It is clear to the Court that there is substantial evidence to support the Hearing Officer's conclusion of no active authorization card solicitation by Company supervisors, the only alleged type of participation. Objection (2) is therefore no basis for overturning the Union's one-sided victory.

## II.

■ The second question before the Court is a recurring one: whether the Board was in error in failing to give the company a formal hearing on objections (3) and (4). See N.L.R.B. v. Smith Industries, 5 Cir., 1968, 403 F.2d 889; N.L.R.B. v. Genesco, Inc., 5 Cir., 1969, 406 F.2d 393. Our negative answer in this case comes with little difficulty for "if the facts would not amount in law to a justification for setting the election aside, no hearing is required at any stage." N.L.R.B. v. Air Control Products of St. Petersburg, Inc., 5 Cir., 1964, 335 F.2d 245, 250.

■ The Company complains in objection (3) that the Union initiation fee waiver constituted an improper condition of economic inducements. The waiver may well have been an inducement, but it certainly was not an improper one.

> We are satisfied that [the Union] had a constructive reason to waive its initiation fees prior to the time when it signed a contract with [the Company]. Employees otherwise sympathetic to the union might well have been reluctant to pay out money before the union had done anything for them.

Waiver of the payments would remove this artificial obstacle to their endorsement of the union.

Amalgamated Clothing Workers of America, A.F.L.-C.I.O. v. N.L.R.B., 2 Cir., 1965, 345 F.2d 264, 268. We are also satisfied that, since the waiver was not made contingent upon how the employees voted but was promised to all present employees, it could have not materially affected their ability to make a rational choice for or against the Union. N.L.R.B. v. Gorbea, Perez and Morell, S.en C., 1 Cir., 1964, 328 F.2d 679.

■ The objection of employees wearing Union buttons during the election is also void of merit. This Court in N.L.R.B. v. Laney & Duke Storage Warehouse Co., Inc., 5 Cir., 1966, 369 F. 2d 859, held on the facts before it that the wearing of a Union button by a Union observer was insufficient to invalidate an election. It would be more than difficult to show how the button-wearing in our case prevented the employees from "register[ing] a free and untrammeled choice for or against a bargaining representative." N.L.R.B. v. Trinity Steel Co., 5 Cir., 1954, 214 F.2d 120, 123.

Thus, the Board was correct in adopting the Regional Director's recommendation on objections (3) and (4) without the necessity of a full, formal hearing.

## III.

■ The Company further contends that it should have been given the right to a hearing during the unfair labor practice proceeding on the same objections before the Board in the representation proceeding. This Court has consistently held the Board has no duty to relitigate issues already disposed of if no new, specific evidence is presented. N.L.R.B. v. Douglas County Electric Membership Corp., 5 Cir., 1966, 358 F. 2d 125. As Chief Judge Brown has said: "If there is nothing to hear, then a hearing is a senseless and useless formality." N.L.R.B. v. Air Control Products, *supra*, 335 F.2d at 249.

### IV.

The Intervenor Union here objects to the Board's denial of its request for compensatory relief against the Company for its refusal to bargain with the Union. The objection is unwarranted. The Company in good faith believed the election of the Union was tainted, and the Board thought enough of two objections to the election to order a hearing on them. As there is unfortunately no direct review of the Board's final certification, the Company's only options were to bargain with a Union it thought was improperly certified or to refuse to bargain and have that case and the representation case become one before the Board and this Court. We "attach no opprobrium" to the Company's taking the latter option. N.L.R.B. v. Genesco, *supra*, at 394. The Board was correct in refusing to grant compensatory relief to the Union.

The Board's Order is in all respects Enforced.