**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**NATIONAL BEVERAGES, INC., Respondent.**

**No. 27291**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Oct. 23, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, John D. Burgoyne, Nan C. Bases, Attys., N.L.R.B., Washington, D. C., Harold A. Boire, Director, Region 12, N.L.R.B., Tampa, Fla., for petitioner.

Glenn L. Greene, Jr., W. Reynolds Allen, Miami, Fla., for respondent.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge.

■ Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

This case is before the court on the application of the National Labor Relations Board pursuant to Section 10(e) of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C. § 151 et seq.), for enforcement of its order issued against National Beverages, Inc. The Board found that the Company violated Section 8(a) (5) and (1) of the Act by refusing to bargain with the American Bakery and Confectionery Workers' International Union AFL–CIO, Local 482, which had been certified as the exclusive bargaining agent in an appropriate unit.

On July 26, 1967, a Board election was held in National Beverages' plant and the outcome of the vote was 14 ballots cast for the union and 9 ballots cast against the union. The Company filed objections to conduct affecting the election, submitted supporting affidavits, and asked for a hearing. The Regional Director concluded that there was insufficient merit in the objections presented, that a hearing was unnecessary and recommended that the union be certified. The Company then filed exceptions to the Regional Director's report with the Board. The Board overruled these exceptions and certified the union as the exclusive bargaining representative of the Company's employees in the unit in question.

When the union requested recognition on the basis of its certification, the Company refused and a Section 8(a) (5) charge was filed and a complaint issued. The Company defended by restating in essence the objections that it had previously presented to the Board. The trial examiner accordingly found that he

was bound by the findings of the Board in the representation proceeding. Additionally, the examiner revoked a subpoena duces tecum served by the Company on the union ruling that some of the requested documents were non-existent, and others were immaterial or had been litigated previously. Without granting a hearing the Board adopted the trial examiner's decision finding the Company in violation of Section 8(a) (5) and (1) and ordered the Company to cease and desist from the unfair labor practices found, to bargain with the union upon request, and to post appropriate notices.

■ A review of the record precludes any conclusion but that the order of the Board should be enforced. National Beverages argues that the Board was in error in overruling its objections to the election. The only objections worthy of discussion are themselves without merit. The Company alleges that the statement by one of the union organizers that employees in a similar company had received 42 cents per hour raise was a material misrepresentation in that the raise was only 40 cents per hour and had come in a series of increases over a three-year period. The second point of contention is that the same union man had stated that the Company "would be real friendly to us now * * * but after the election was voted out we would be just like the people at Frito-Lay"—implanting the idea of discharge in the employees' minds. The teachings of Pepperell Manufacturing Company v. N.L.R.B., 403 F. 2d 520 (5 Cir., 1969), outline three criteria to be used in examining inaccurate campaign propaganda: (1) Is the misrepresentation of a material fact? (2) Did the misrepresentation come from a party who has special knowledge of the true facts? and (3) Did the opposing party have sufficient opportunity to correct the misrepresentation? See Southwestern Portland Cement Co. v. N.L.R.B., 407 F.2d 131 (5 Cir., 1969). No material misrepresentation is shown by the Company and their first allegation accordingly must fall. The second contention must also fail in that there was adequate support for the Board's conclusion that the assertions as to possible discharge were capable of evaluation by the employees. N.L.R.B. v. Douglas County Electric Membership Corp., 358 F.2d 125 (5 Cir., 1966); Shoreline Enterprises of America, Inc. v. N.L.R.B., 262 F.2d 933 (5 Cir., 1959).

■ Secondly, the Company questions the revocation of its subpoenas duces tecum which were issued by the trial examiner and then revoked by the same authority. The case law is pellucid that the trial examiner has the right of revocation of the subpoenas if in his opinion the statutory requirements are not satisfied. N.L.R.B. v. Duval Jewelry Co. of Miami, 357 U.S. 1, 78 S.Ct. 1024, 2 L. Ed.2d 1097 (1958); Herman Brothers Pet Supply, Inc. v. N.L.R.B., 360 F.2d 176 (6 Cir., 1966). Under the facts presented, the trial examiner did not abuse his discretion in revoking these subpoenas. Moreover, in that the subpoenas issued by the trial examiner concerned the same material outlined in the previous request for subpoenas before the Regional Director, if there was any error on the part of the Regional Director, it was cured.

■ In conclusion, regarding the Board's refusal to grant the Company a hearing, it is only necessary to state that the Board will grant a hearing only if it appears that the objections to the election raise material factual issues. Southwestern Portland Cement Company v. N.L.R.B., 407 F.2d 131 (5 Cir., 1969). The Board's ruling in this case was proper.

Order enforced.