**FRITO–LAY, INC., Petitioner-Cross-Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent-Cross-Petitioner.**

No. 27854.

United States Court of Appeals, Fifth Circuit.

Feb. 16, 1970.

As Amended on Denial of Rehearing and Rehearing En Banc May 13, 1970.

William W. Cowan, Duane C. Aldrich, Robert W. Coleman, Atlanta, Ga., Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., of counsel, for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Susan Sherman, Elliott Moore, Attys., N. L. R. B., Washington, D. C., Harold A. Boire, Regional Director, N. L. R. B., Region 12, Tampa, Fla., Jerome Weinstein, Atty., N. L. R. B., Washington, D. C., for respondent.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and CLARK, Circuit Judges.

COLEMAN, Circuit Judge:

This case presents the frequently encountered question of whether the National Labor Relations Board properly concluded that a company [Frito-Lay, Inc.] had violated § 8(a) (5) and (1) of the Act by refusing to bargain with the certified representative of a unit of its employees. The Company petitions for review and the Board has filed a cross application for enforcement. We find that the Order is due to be enforced.

The secret ballot election was held at the Company's Orlando, Florida, plant

on July 18, 1968, in a unit made up of twenty driver-salesmen. The Union won the election by a note of eleven to nine, with no ballots challenged. The Company filed objections to conduct which allegedly affected the outcome of the election. Briefly stated the objections were founded upon the assertion that two named employees engaged in electioneering near the polls while the election was in progress and (2) a rumor, unknown to the Company until after the election, had existed to the effect that if the Union lost the election the Company would discharge certain named pro-union employees and replace them with employees of a competitor. The Regional Director conducted the usual investigation, in which the parties were afforded full opportunity to submit pertinent evidence, after which he concluded that the objections did not warrant setting the election aside. He therefore recommended that the objections be overruled and that the Union be certified.

The Company then filed exceptions with the Board. These were overruled and the Union was certified as the exclusive bargaining representative of the employees in the unit.

The Company refused a request to bargain, unfair labor practice charges were filed, and a complaint was issued. The Company answered. The General Counsel then moved the Board to grant summary judgment for lack of a triable issue. After a show cause order the summary judgment was granted, 175 N. L.R.B. No. 156 [May 9, 1969].

The objections originally filed by Frito-Lay read as follows:

"A part of the election in this case was held at the Orlando Plant of the Employer on July 12, 1968 between the hours of 5 p.m. and 5:45 p.m. The ballot box was just inside the front door of the plant. During the conduct of this portion of the election, two salesmen who were employees in the unit and were eligible to vote stood outside the building, within seventy-five feet of the ballot box and waylaid salesmen in the unit arriving to vote as they entered the building from the parking area. These two salesmen carried on illegal electioneering at this location as the other salesmen in the unit approached the ballot box to vote, all of which electioneering was carried on during the conduct of the election.

The Board representative who conducted the election, Mr. W. W. Hunt, was made aware of the fact of such electioneering by Mr. John Hoffman, the Zone Employee Relations Manager, who had learned of it from the Employer's Division Sales Manager, Mr. Claude Hipps, who observed such conduct while entering the plant. By the time the Board representative had been notified of such electioneering, at least one employee eligible to vote had been contacted by the two salesmen engaged in such electioneering."

The Company additionally contended that, unknown to it, a rumor was circulated prior to the election that if the Union lost the election five named employees, known to be supporting the Union, would be fired. The record does not reveal the source of this rumor. One member of the unit gave it as his opinion, after the fact, without further elaboration or corroboration, that the rumor caused the Company to lose the election.

■ The original objections failed to show in what way the alleged electioneering activity outside the building adversely affected the traditionally required laboratory conditions for the conduct of National Labor Relations Board elections. The Company was content merely to allege the occurrence and pray that the election be set aside It asserted that only one employee was thus contacted but that employee swore in an affidavit filed by the Company that when told by Lambert and Whalen that they needed all the votes they could get he replied that he did not have time to fool with them, forthwith entered the building, cast his vote, and departed the vicinity. His version of the occurrence negates rather than supports any notion of intimidation, influence, or interference. Telling would-be canvassers that one does not have time to fool with them constitutes a rather curt and fearless dismissal.

Upon this state of the record, particularly upon considering the report of the Regional Director and the affidavits filed by the Company, we are driven inescapably to the conclusion that the summary judgment cannot justly be disturbed.

To obtain a hearing in post-election representation proceedings the objecting party must supply prima facie evidence, presenting substantial and material factual issues which would warrant setting aside the election, N.L.R.B. v. Smith Industries, Inc., 5 Cir., 1968, 403 F.2d 889.

Diligent Counsel for the Company have filed a most able brief of the law on the subject. Their efforts, however, fail or lack of *substantial* and *material* factual issues.

There are cases in which this Court has directed hearings in post-election representation proceedings. They are exhaustively classified and collated in one of our most recent decisions, National Labor Relations Board v. Golden Age Beverage Company, 5 Cir., 1969, 415 F.2d 26. A reading of this case obviates any necessity for further plowing, replowing, or subsoiling this field. See, also, Bush Hog, Inc. v. National Labor Relations Board [December 18, 1969] 420 F.2d 1266; National Labor Relations Board v. National Beverages, Inc. [October 23, 1969] 418 F.2d 206.

The Order of the Board will be

Enforced.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is Denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is Denied.