**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MARTIN BUILDING MATERIAL CO., Inc., Respondent.**

**No. 28476.**

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1970.

John F. LeBus, Director, Region 15, N.L.R.B., Arnold Ordman, Gen. Counsel,

Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Peter Ames Eveleth, Joseph C. Thackery, Attys., N.L.R.B., New Orleans, La., for petitioner.

David A. Lang, Kullman, Lang, Keenan, Inman & Bee, New Orleans, La., for respondent.

Before JONES, WISDOM and COLEMAN, Circuit Judges.

JONES, Circuit Judge:

The National Labor Relations Board has petitioned this Court for enforcement of the Board's order by which it found the respondent, Martin Building Material Company, Inc., to be in violation of Sections 8(a) (5) and (1) of the National Labor Relations Act, and by which it directed Martin to cease and desist from refusing to bargain with the Teamsters Union.[1]  The order of the Board will be enforced.

Martin of Alexandria, Louisiana, is a general contractor engaged in the manufacture and sale of ready-mixed concrete and in the retail sale of building materials. On October 31, 1967, Teamsters filed a petition for representation and, after a hearing of the petition, the Regional Director ordered that an election be held by the employees of the bargaining unit. Martin and an intervening union, Laborers Local 1229,[2] objected to the holding of the election on the ground that a presently existing collective bargaining contract between Martin and Laborers was a bar to an election. The Board denied review of the Regional Director's order for the holding of an election on the ground that the request for review raised no substantial issues warranting review. The election was held, and Teamsters won by a vote of five to three over Laborers. Martin objected to the election, asserting illegal conduct on the part of Teamsters. The

Acting Regional Director found the objections unsubstantiated and certified Teamsters as the appropriate bargaining representative. The Board denied review. Thereafter Martin refused to bargain with Teamsters and the union filed a charge with the Board. Martin filed an answer to the charge in which it denied the appropriateness of the unit and the validity of the certification. It denied that Teamsters was the representative of the employees and that it had committed unfair labor practices. A Motion for summary judgment was made by the Board's General Counsel which was granted by the Trial Examiner. The Board, adopting and following the Trial Examiner's findings and recommendations, ordered Martin to cease and desist from refusing to bargain and from interfering with Teamsters' efforts to represent the employees.

Martin urges that its contract with Laborers was a bar to the holding of an election. The Board has recognized that existing collective bargaining agreements do constitute a bar to the holding of a representation election. However, where a contract contains a clause violative of the National Labor Relations Act, the Board will refuse to recognize the contract as a bar. Gary Steel Co., 144 NLRB 470 (1963); Paragon Products Corp., 134 NLRB 662 (1961). The principles announced in these decisions of the Board have received judicial approval. N.L.R.B. v. Local 3, I.B.E.W., 2d Cir. 1966, 362 F.2d 232; Local 1545, United Brotherhood of Carpenters and Joiners v. Vincent, 2d Cir. 1960, 286 F.2d 127; N.L.R.B. v. Libbey-Owens-Ford Glass Company, 4th Cir. 1957, 241 F.2d 831; Kearney & Trecker Corp. v. N.L.R.B., 7th Cir. 1954, 210 F.2d 852, cert. den. 348 U.S. 824, 75 S.Ct. 38, 99 L.Ed. 649; N.L.R.B. v. Grace Co., 8th Cir. 1950, 184 F.2d 126. In this case, the contract between Mar-

1. Truck Drivers and Helpers Local No. 568, A/W International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Ind.

2. Construction and General Laborers' Union, AFL–CIO.

tin and Laborers contains the following checkoff clause:

"An AUTHORIZATION FOR DEDUCTION OF WAGES, to be valid, must bear the signature of the employee and will remain in force for one year from the date of signing or until the termination date, whichever occurs later."

The Board takes the position that since the contract is for two years, the checkoff clause is irrevocable for more than one year and hence, on its face, violates Section 302(c) (4) of the Act.[3] This Court does not disagree. The existence of the illegal contract might possibly have the effect of inducing employees to believe that they would be required to execute two successive one year authorizations.

Martin contends that even if the checkoff clause is illegal, the savings clause of the contract preserves the remainder of the contract so as to prevent Teamsters from displacing Laborers as the bargaining agent. This contention is without merit. "To be effective in nullifying questionable clauses in the contract the savings clause must specifically defer application of the questionable clause until it is determined to be legal." N.L.R.B. v. Broderick Wood Products Company, 10th Cir. 1958, 261 F.2d 548, 557. Accord, N.L.R.B. v. Gaynor News Company, 2d Cir. 1952, 197 F.2d 719, aff'd, Radio Officers' Union v. N.L.R.B., 347 U.S. 17, 74 S.Ct. 323, 98 L.Ed. 455 (1953); Paragon Products Corporation, 134 N.L.R.B. 662 (1961). In support of its contention, Martin refers to the cases of Lewis v. Quality Coal Corporation, 7th Cir. 1959, 270 F.2d 140, cert. den., 361 U.S. 929, 80 S.Ct. 369, 4 L.Ed.2d 353 (1960) and Perry Coal Company v. N.L.R.B., 7th Cir. 1960, 284 F.2d 910, cert. den. 366 U.S. 949, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961). These decisions are distinguishable in that they do not involve a savings clause, but are concerned with language of qualification used in the same sentence as the clause challenged as being in violation of the Act.

Martin further resists enforcement with the contention that certain irregularities required the election to be set aside, and that a formal hearing should have been held on Martin's post-election objections. The irregularities complained of were the offer by Teamsters of "free books" should it win the election, and the appearance at the company office, where the election was held, on the day of election of a Teamsters business agent.

■■ The decisions of this Court resolve the question as to when a party is entitled to a hearing. "To obtain a hearing in post-election representation proceedings, the objecting party must supply prima facie evidence, presenting 'substantial and material issues,' which would warrant setting aside the election." N.L.R.B. v. Smith Industries, Inc., 5th Cir. 1968, 403 F.2d 889, 892. Accord, Frito-Lay, Inc., v. N.L.R.B., 5th Cir. 1970, 422 F.2d 169; Singleton Packing Corporation v. N.L.R.B., 5th Cir. 1969, 418 F.2d 275, pet. for cert. filed, 38 U.S.L.W. 3524 (U.S. June 18, 1970) (No. 1710). The record does not show that Martin produced prima facie evidence that would warrant setting aside the election. The record reveals that the offer of "free books" was properly determined by the Regional Director to be a waiver of initiation fees, a practice sanctioned by the Board and

---

3. This section provides that it is a misdemeanor for an employer to agree to pay money to any labor organization which represents its employees, or for a labor organization to agree to accept payment, except, inter alia, "with respect to money deducted from the wages of employees in payment of membership dues in a labor organization: provided, that the employer has received from each employee, on whose account such deductions are made, a written assignment which shall not be irrevocable for a period of more than one year, or beyond the termination date of the applicable collective agreement, whichever occurs sooner. * * *" 29 U.S.C.A. § 186(c) (4) (1965).

this Court,[4] and not a prohibited gift of life insurance coverage.[5]  Similarly, the presence of the union agent on the company's premises on the day of election has not been shown to have created an environment of tension or coercion that prevented the employees from exercising their free choice.  See N.L.R.B. v. Golden Age Beverage Company, 5th Cir. 1969, 415 F.2d 26; N.L.R.B. v. Zelrich Company, 5th Cir. 1965, 344 F.2d 1011. Thus, the Board did not err in adopting the Acting Regional Director's recommendations on the objections to the election without the necessity of a formal hearing.

The Court is in agreement with the decision of the Board.  Its order will be

Enforced.

---

4. N.L.R.B. v. Crest Leather Mfg. Corp., 5th Cir. 1969, 414 F.2d 421; Dit-Mco, Inc., 163 N.L.R.B. 1019 (1967).

5. Wagner Electric Corp., 167 N.L.R.B. No. 75 (1967), 66 L.R.R.M. 1072.