NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

MONROE AUTO EQUIPMENT COMPANY, HARTWELL DIVISION, Respondent.

No. 71-2182.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1972.

Rehearing Denied Feb. 22, 1973.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Walter C. Phillips, Director, Region 10, N.L.R.B., Atlanta, Ga., Stanley Brown, Atty., N.L.R.B., Washington, D. C., for petitioner.

John E. Tate, William A. Harding, Lincoln, Neb., Joseph S. Skelton, Hartwell, Ga., for respondent.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

INGRAHAM, Circuit Judge:

The Union certification election at Monroe Auto Equipment Company, Hartwell Division, has returned as the subject of a repeat command performance before this court. When last before this court we found that the company had made a *prima facie* case to require the National Labor Relations Board to hold post-election objection hearings on six specific objections. The Board after remand transferred the case to a hearing examiner for supplemental findings. The Board has now concluded that the election results should stand and Monroe ordered to bargain with the certified Union. The Board here seeks to enforce that order.

A word on what our prior opinion, 406 F.2d 177 (5th Cir., 1969), did and, more importantly, did not hold. In *Monroe* we held only that the company's objections were accompanied by sufficient evidentiary showing, which if credited would have a certain legal effect, to-wit, sustain a challenge to a certification election. We consequently held the Board in error for its use of summary procedures in the refusal to bargain case. This is, as noted, the second appearance of this petition to enforce the order of the National Labor Relations Board, holding Monroe in violation of § 8(a)(5) of the Act, 29 U.S.C. § 151 et seq. The facts involved in the case are set out in the opinion on Monroe's earlier appearance. Our concern here is limited to the six specific objections raised in the prior appeal and to the evidentiary showing made on remand.[1]

▆▆ That we have remanded a case for post-election hearings on material fact issues regarding the validity of the results of an election, however, is not a prejudgment on the merits of the objections.[2] N. L. R. B. v. Overland Hauling Co., 461 F.2d 944 (5th Cir., 1972); Howell Refining Co. v. N. L. R. B., 400 F.2d 213 (5th Cir., 1968). Compare N. L. R. B. v. Cactus Drilling Co., 455 F.2d 871 (5th Cir., 1972), with S. H. Kress Co. v. N. L. R. B., 430 F.2d 1234 (5th Cir., 1970). It is, however, the law of the case should the evidence supporting the objections be credited. National Air Lines, Inc. v. International Ass'n. of M. & A. W., 430 F.2d 957 (5th Cir., 1970); cert. den. 400 U.S. 992, 91 S.Ct. 456, 27 L.Ed.2d 440. At issue on our remand was the question of whether the asserted election destructive activities in fact occurred and what, if any, effect those activities had upon the voters. Tyler Pipe Industries, Inc. v. N. L. R. B., 447 F.2d 1136 (5th Cir., 1971); Home Town Foods, Inc. v. N. L. R. B., 416 F.2d 392 (5th Cir., 1969); N. L. R. B. v. Golden

---

1. The six objections follow:

(1) The Union, its agents, members and employees engaged in conduct alien to § 7 of the Act by making threats to company employees that they would lose their jobs unless they voted for the Union.

(2) Anonymous telephone calls were made to employees threatening bodily harm and loss of jobs unless they voted for the Union.

(3) The Union instigated, condoned, ratified and acquiesced in the action of some of its people in false statements that salaried employees of the Company at Hartwell paid union dues.

(4) The Union instigated, condoned, ratified, and acquiesced in the action of its people who demonstrated payroll deduction slips of salaried employees of the Company, reporting that certain entries on the slips were in payment of union dues when in reality the deductions were for Georgia income tax.

(5) Board agents in going about the plant alerting the employees to vote sought advice and direction exclusively from the Union representative and permitted the Union observer to speak, holler at, wave his hand and otherwise campaign with the employees in the plant during the voting.

(6) Board agents permitted the ballot box to be left completely unattended in a room with an open door.

2. Remand to the Board for hearings on post-election objections is not a creature of statute, N.L.R.B. v. O.K. Van Storage, Inc., 297 F.2d 74 (5th Cir., 1961), nor is it required in any case in which the objector has failed to raise substantial and material factual issues affecting the results of the election. N.L.R.B. v. Martin Building Co., 431 F.2d 1246 (5th Cir., 1970). In election objection cases remand has been appropriate where the alleged facts of the election disruptive activity, if credited, stated a legally sufficient basis for denial of enforcement, N.L.R.B. v. Overland Hauling Co., 461 F.2d 944 (5th Cir., 1972), or where the impact of the activity was unclear, Home Foods, Inc. v. N.L.R.B., 416 F.2d 392 (5th Cir., 1969), or where the Board's fact findings themselves were insufficeint to determine the basis for its holding. Remand has been deemed inappropriate where the operational facts are undisputed and the matter presented is a question of law, N.L.R.B. v. Cactus Drilling Co., 455 F.2d 871, 873, n. 10 (5th Cir., 1972), or where the effect of the misconduct is apparent on the record, National Cash Register Co. v. N.L.R.B., 415 F.2d 1012 (5th Cir., 1969). Compare N.L.R.B. v. Overland Hauling Co., *supra.*

Age Beverage Co., 415 F.2d 26 (5th Cir., 1969); N. L. R. B. v. Zelrich Co., 344 F.2d 1011 (5th Cir., 1965).

■ In *Golden Age, supra,* we noted: "Further, in reviewing the Board's disposition of the Company's objections to the election, it 'must be kept in mind that the burden is on the party objecting to the conduct of the representation election to prove that there has been prejudice to the fairness of the election.' Southwestern Portland Cement Co. v. N. L. R. B., 407 F.2d 131, 134 (5th Cir. 1969), pet. cert. filed, 37 U.S.L.W. 3444 (May 14, 1969). *See also* N. L. R. B. v. Ortronix, Inc., 380 F.2d 737, 740 (5th Cir. 1967); N. L. R. B. v. O. K. Van Storage, Inc., 297 F.2d 74, 75 (5th Cir. 1961). This is a heavy burden; it is not met by proof of mere misrepresentations or physical threats. Rather, specific evidence is required, showing not only that the unlawful acts occurred, but also that they interfered with the employees' exercise of free choice to such an extent that they materially affected the results of the election. *Cf.* Southwestern Portland Cement Co. v. N. L. R. B., *supra* 407 F.2d at 134; Anchor Manufacturing Co. v. N. L. R. B., *supra* 300 F.2d [301,] at 303."

415 F.2d at 30. The record here presents a case of where unlawful activity occurred, but without a showing of its impact on or interference with the employees' freedom of choice. The hearing examiner found objective evidence supporting some of the company's objections, but at the same instant the record shows that the effect of the conduct was limited to specific employees, each of whom testified that he had voted his conscience and in disregard of the disruptive elements.

■ Monroe here argues that impact may be presumed. The company's arguments fail to discern the meaningful difference between questionable activities attributable to an employer, a union, and individual employees. If the presumed effect of each class of miscreance activities were to be treated equivalently, we would ignore the practical realities inherent in the employer-employee relationship. To be sure, the presumptions are rebuttable. Cf. Fremont Newspapers, Inc., 179 N.L.R.B. No. 63, 72 LRRM 1342, and each class of offenders' conduct may justify setting an election aside: see generally, Bok, Regulation of Campaign Tactics in Representation Elections Under the National Labor Relations Act, 78 Harv.L.Rev. 38 (1964); but it has been recognized that activities of a union's employee adherence which are not attributable to the union itself are entitled to less weight in the variable equation which leads to a conclusion that an election must be set aside.

" . . . We think it is clear that conduct not attributable to the opposing party cannot be relied upon to set aside an election. The only exception to this general principle, not applicable here, is where coercive and disruptive conduct or other action is so aggravated that a free expression of choice of representation is impossible. *See* N. L. R. B. v. Smith Industries, Inc., 5 Cir. 1968, 403 F.2d 889; Home Town Foods, Inc. v. N. L. R. B., *supra*; N. L. R. B. v. Tampa Crown Distributors, Inc., 5 Cir. 1959, 272 F. 2d 470. Any other rule would invite third parties or one of the protagonists who doubted the election outcome to anonymously create incidents and then attempt to use them to set aside the election. We are unwilling to accept the company's broad contention that Board knowledge of the wrongdoer is an immaterial consideration in every case."

Bush Hog, Inc. v. N. L. R. B., 420 F.2d 1266, 1269 (5th Cir., 1969).[3] The present record, however, does not support Monroe's contention that such an atmosphere had been created. Compare

---

3. Third party and employee conduct can reach such a level requiring that an election be set aside. *E. g.*, Home Town Foods, Inc. v. N.L.R.B., *supra*; N.L.R.B. v. Smith Industries, 403 F.2d 889, 894, n. 12 (5th Cir., 1968).

Manning, Maxwell & Moore, Inc., v. N. L. R. B., 324 F.2d 857 (5th Cir., 1963); N. L. R. B. v. Tampa Crown Distributors, Inc., 272 F.2d 470 (5th Cir., 1959).

Elections, whether won by a company or a union, are not to be lightly put aside. Courts ought not to so act without some assurance appearing in the record that the election results were not reflective of the employees' desires. The objecting party must shoulder this burden. N. L. R. B. v. Mattison Machine Works, 365 U.S. 123, 81 S.Ct. 434, 5 L.Ed.2d 455 (1961). Here, the record in demonstrating the presence of some election disruptive activities also demonstrates their immateriality and harmlessness. Election disruptive activities which in fact are not disruptive and which are not shown to have affected votes are insufficient grounds to set aside a certification election. *Golden Age, supra.* In sum Monroe has set out contentions which were not supported by the evidence. The Board's order and findings are supported by substantial evidence adduced at the supplemental hearing. They are entitled to be and are hereby enforced.