**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**KNICKERBOCKER FOOD, INC., A DIVISION OF KNICKERBOCKER MEATS, Respondent.**

No. 82–5674.

United States Court of Appeals, Eleventh Circuit.

Sept. 19, 1983.

Elliott Moore, Deputy Associate Gen. Counsel, Susan Williams, N.L.R.B. Washington, D.C., for petitioner.

Mahoney, Hadlow & Valdes-Fauli, Robert S. Turk, Miami, Fla., for respondent.

Before GODBOLD, Chief Judge, and ANDERSON, Circuit Judge, and GOLDBERG *, Senior Circuit Judge.

PER CURIAM:

The employer refused to bargain after the union was certified in a representation proceeding as bargaining agent for delivery drivers and warehousemen at employer's warehouse.

In the consent election two challenged ballots were critical. The regional director conducted an ex parte investigation of the issues raised by the challenges during which the parties were given the opportunity to present evidence. The regional director issued a report recommending (1) that the company's challenge to employee Crosland, asserting that he was a supervisor and thus not entitled to vote, be overruled; and (2) that the union's challenge to employee Horning be sustained because he did not share a community of interest with the warehousemen and drivers in the unit.

The company filed exceptions to the regional director's report and recommendation.

---

* Honorable Irving L. Goldberg, U.S. Circuit Judge for the Fifth Circuit, sitting by designa-

tions because the union had challenged Horning on the ground that he was a supervisor, while the regional director's recommendation was based on Horning's lack of community of interest, and the company contended that it had been denied the opportunity to present evidence on the community of interest issue. It submitted an affidavit of Horning that purported to show that he had a community of interest with unit employees. The company also asked that the case be remanded to the regional director for a hearing. The regional director then issued a supplemental report in which he considered Horning's affidavit that had been filed by the company but adhered to his position that Horning lacked a community of interest. The company again filed exceptions.

The board adopted the regional director's report and recommendations. It denied the motion to remand, holding that the company had not raised material or substantial issues of fact that required reversal of the regional director's findings and recommendations or required that the regional director conduct a hearing. It noted that the regional director had reopened his investigation to consider the Horning affidavit and had issued a supplemental report.

The union was certified, the company refused to bargain, and an unfair labor practice charge was filed. The company raised as affirmative defenses that it had been denied due process because it was not granted a hearing on the challenged ballots, and that the board had not reviewed all of the evidence generated by the regional director in his investigation because the evidence forwarded to the board was incomplete.

## I. The merits

■ With respect to both Crosland and Horning this is a routine substantial evidence case. Substantial evidence supports the board's findings that Crosland was a leadman and not a supervisor and that Horning did not have a community of interest. The company's argument to us is, in effect, that different inferences should be

drawn than the board drew. This may be so, but we do not retry board decisions.

## II. Denial of a hearing on objections to elections

■ There must be a post-election hearing on objections to the election only if the parties raise substantial and material issues of fact. *Skyline Corp. v. NLRB*, 613 F.2d 1328, 1333 (5th Cir.1980); *NLRB v. O.K. Van Storage, Inc.*, 297 F.2d 74, 76 (5th Cir.1961). This principle reflects the requirements of the Act that questions preliminary to the establishment of a bargaining relationship must be expeditiously resolved and that dilatory tactics by employers or unions disappointed by the election must be inhibited.

■ To be entitled to a hearing the objecting party, here the company, must come forward with specific factual data, real events about real people, that present controverted facts. Disagreement with the regional director's reasoning or legal conclusions is not sufficient. Thus the company's argument that it was entitled to a hearing because it demonstrated that the determinations of the regional director were wrong is unavailing. We have searched the company's brief to identify the contested, specific disputes of fact that it claims to have raised. With respect to Crosland, Knickerbocker says that the regional director secured affidavits from unknown employees that were the basis for his determination, that he made credibility determinations based upon them, and that the board was not permitted to see the affidavits. It contends that the board was required to identify the unknown employees and that the company was entitled to cross-examine all of the affiants. This argument does not meet, or even address, the requirement that in order to be entitled to a hearing the company must come forward with controverting evidence.

With respect to Horning, the company argues that the board "generated facts," omitted facts from its consideration, and discounted other facts. This argument too neither meets nor addresses the require-

ment of coming forward with controverting evidence.

### III. Insufficiency of the record before the board

 The regional director did not send forward to the board the affidavits on which he relied. The board revised 29 C.F.R. Sec. 102.69(g) effective Sept. 14, 1981, so that the record before it need not include witness statements in non-hearing cases. The board order here was issued before these revisions, so neither the validity nor the application of the revision is before us.

In *NLRB v. Klingler Electric Corp.,* 656 F.2d 76 (5th Cir.1981), the Fifth Circuit interpreted 28 U.S.C. Sec. 212(b), and possibly the Constitution itself, to require that witness statements be forwarded to the board as documentary evidence. But *Klingler* did not overrule prior Fifth Circuit law which held that recourse to the record is unnecessary where the employer has not come forward with sufficiently specific facts to require a hearing. *See Klingler,* 656 F.2d at 81 (citing *Birmingham Ornamental Iron Co. v. NLRB,* 615 F.2d 661, 665–67 (5th Cir.1980)). We applied *Klingler* in *Daylight Grocery Co. v. NLRB,* 678 F.2d 905 (11th Cir.1982), where the omitted affidavits did not present a prima facie case. Unless the company has come forward with controverted facts that would require a hearing, the board in deciding whether to adopt the regional director's recommendations need not examine his underlying factual premises.

ENFORCED.